IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS OCHOA,<br><br>                Plaintiff,<br>        vs.<br><br>IMPERIAL RECOVERY PARTNERS, LLC,<br><br>                Defendant. | 1: 11-cv-01197-AWI-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

## I.   INTRODUCTION

On February 6, 2012, Plaintiff Tomas Ochoa ("Plaintiff") filed the present motion for default judgment against Imperial Recovery Partners, LLC ("Defendant")  (Doc. 12.)  The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for March 30, 2012. (Doc. 15.)  For the reasons that follow, the Court DENIES Plaintiff's motion without prejudice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On July 20, 2011, Plaintiff filed his Complaint against Defendant.  (Doc. 1.)  Plaintiff alleges, *inter alia,* that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*

1

(The "RFDCPA").  (Pl.'s Compl., ¶¶ 1, 6-10, Doc. 1.)  Specifically, Plaintiff alleges that on February 16, 2011, Defendant sent Plaintiff a letter which stated the following:

- "Our client has instructed us to proceed with actions to recover this debt";
- "[o]ur recovery process involves identifying assets, employment and banking information that enables us to direct accounts into the next collection level"; and
- "Should you be one of the very few individuals that refuses to pay a valid debt and has sufficient assets, your account will be forwarded to a local attorney for final review."

(Pl.'s Compl., ¶¶ 6-8, Doc. 1.)  Plaintiff further alleges Defendant contacted Plaintiff's father, and disclosed personal information regarding Plaintiff's alleged debt to Plaintiff's father.  (Pl.'s Compl., ¶ 9, Doc. 1.)  Based on these allegations, Plaintiff alleges Defendant's conduct violated the FDCPA and the RFDCPA.  (Pl.'s Compl., ¶ 10, sub-par. a-l, inclusive, Doc. 1.)  Defendant has not filed an answer to Plaintiff's SAC or otherwise made an appearance in this action.

On October 4, 2011, Plaintiff requested an entry of default against Defendant, which was entered by the Clerk on October 5, 2011.  (Doc. 7, 9.)  On February 6, 2012, Plaintiff moved this Court for an entry of default judgment against Defendant ("Plaintiff's Motion").  (Doc. 12.)  Plaintiff's Motion requests a total judgment in the amount of $5,033.50, broken down as follows:

- Statutory damages in the amount of $2,000.00;
- Attorney's fees in the amount of $2,623.50;[1] and
- Costs in the amount of $410.00;

(Pl.'s Mot. For Default, 2: 1-17, Doc. 12.)

/././

---

[1] The Court notes that Plaintiff's Motion for Default Judgment, as well as and the Declaration of Todd M. Friedman attached thereto, makes a request for "eight thousand four hundred and one dollar and zero cents" followed by an inconsistent and different amount ($3,033.50) written in numerical form.  As the Court is denying Plaintiff's Motion for Default Judgment without prejudice, Plaintiff will have another opportunity to clarify his request for attorneys fees.

2

## III.  DISCUSSION

**A.  Legal Standard**

Whether to grant or deny default judgment is within the discretion of the court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising this discretion, the court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Regarding the last factor, a decisions on the merits is impractical, if not impossible, where defendants refuse to defend.

Where a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true.  *See Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  Therefore, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact.  *See Panning v. Lavine*, 572 F.2d 1386 (9th Cir. 1978).  While factual allegations concerning liability are deemed admitted upon a defendant's default, the court does not presume that any factual allegations relating to the amount of damages suffered are true.  *See Geddes*, 559 F.2d at 560; *TeleVideo Sys., Inc.,* 826 F.2d at 917-18.  The court must ensure that the amount of damages awarded is reasonable and demonstrated by the evidence.  Fed. R. Civ. P. 55(b)(2)(C)*; Geddes*, 559 F.2d at 560*; TeleVideo Sys., Inc.,* 826 F.2d at 917-18.

**B.  Plaintiff Has Failed To Demonstrate Service Was Proper**

As a general rule, the Court considers the adequacy of service of process before evaluating the merits of Plaintiff's Motion for Default Judgment.  *See Katzakian v. Check Resolution Service, Inc.,* No. 10-cv-00716-AWI-GSA, 2010 WL 5200912, *2 (E.D. Cal. Dec. 15, 2010).  Under Fed. R. Civ. P 4(e), Plaintiff can affect service on Defendant in one of the following ways:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

3

      (2) doing any of the following:

           (A) delivering a copy of the summons and of the complaint to the individual personally; or

           (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

           (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

It is unclear which method of service Plaintiff has attempted.  Plaintiff claims to have served Bradley Ellison, at 2730 Gateway Oaks Drive, Ste. 100, Sacramento, CA 95833. (Doc. 6.)  Plaintiff, however, does not indicate who Bradley Ellison is, or how he is associated with Defendant.  The Court's research does not reveal a connection between Bradley Ellison and Defendant.  Moreover, the Court's research does not indicate the address where service was affected is associated with Defendant.  There is insufficient evidence to satisfy the Court that service was proper under Rule 4(e).

**C.   Plaintiff Has Failed to Provide Sufficient Information and Argument to Support Default**

Plaintiff has failed to demonstrate he is entitled to default judgment.  The substance of Plaintiff's Motion is approximately one page, and does not present any legal arguments concerning the relevant factors a Court considers in granting default judgment.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Moreover, the majority of Plaintiff's allegations in the Complaint are predicated on language allegedly contained in a dunning letter from Defendant.  However, Plaintiff has not provided the dunning letter to the Court, nor is the letter attached to the Complaint.  The Court is unable to evaluate the context in which the allegedly improper statements were conveyed, and is otherwise unable to evaluate the merits of Plaintiff's claims and the damages request without the subject letter.

///

## IV.   CONCLUSION

There is insufficient evidence to determine Defendant was properly served.  Moreover, Plaintiff's motion does not present sufficient evidence and legal analysis to support default judgment.  Should Plaintiff chose to re-file his Motion for Default Judgment, he is instructed to provide sufficient evidence to demonstrate that service was proper under Rule 4(e).  Plaintiff is also instructed to provide a sufficient evidentiary basis for default, i.e., the February 16, 2011 letter, in addition to a legal analysis of the relevant factors a Court must consider in evaluating a motion for default judgment.  Based on the foregoing, the Court DENIES Plaintiff's Motion for Default Judgment without prejudice.

IT IS SO ORDERED.

Dated:   **July 11, 2012**                              **/s/ Barbara A. McAuliffe**
                                                                    UNITED STATES MAGISTRATE JUDGE